1

2

3

4

5

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   TIMOTHY E. ZALESNY,                  No. 2:13-CV-1245-CMK

12             Plaintiff,

13        vs.                     <u>MEMORANDUM OPINION AND ORDER</u>

14   COMMISSIONER OF SOCIAL
      SECURITY,

15             Defendant.

16

17   _____/

18          Plaintiff, who is proceeding with retained counsel, brings this action under

19   42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security.

20   Pursuant to the written consent of all parties, this case is before the undersigned as the presiding

21   judge for all purposes, including entry of final judgment.  <u>See</u> 28 U.S.C. § 636(c).  Pending

22   before the court are plaintiff's motion for summary judgment (Doc. 16) and defendant's cross-

23   motion for summary judgment (Doc. 20).

24   / / /

25   / / /

26   / / /

# I.  PROCEDURAL HISTORY

Plaintiff applied for social security benefits on July 19, 2010.  In the application, plaintiff claims that disability began on January 1, 2008.  Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on November 30, 2011, before Administrative Law Judge ("ALJ") Mary M. French.   In an April 6, 2012, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

> 1.   The claimant has the following severe impairment(s): seizure disorder; degenerative disc disease of the lumbar spine; scoliosis; short leg syndrome; degenerative joint disease of the hip, status post hip fracture; right greater trochanteric bursitis; right hamstring tightness; asthma; panic disorder; low average intellect; borderline memory functioning; anxiety disorder; and depressive disorder;
>
> 2.   The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;
>
> 3.   The claimant has the following residual functional capacity: the claimant can perform sedentary work with frequent balancing; the claimant is limited to occasional climbing ramps/stairs, ladders, ropes, or scaffolds; occasional stooping, kneeling, crouching, and crawling; the claimant must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and hazards such as machinery and heights; he must be allowed to use a cane; he is limited to simple repetitive tasks in a non-public setting; and
>
> 4.   Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on April 23, 2013, this appeal followed.

# II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521

1   (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to

2   support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole,

3   including both the evidence that supports and detracts from the Commissioner's conclusion, must

4   be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones

5   v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's

6   decision simply by isolating a specific quantum of supporting evidence.  See Hammock v.

7   Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative

8   findings, or if there is conflicting evidence supporting a particular finding, the finding of the

9   Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

10  Therefore, where the evidence is susceptible to more than one rational interpretation, one of

11  which supports the Commissioner's decision, the decision must be affirmed, see Thomas v.

12  Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

13  standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th

14  Cir. 1988).

15

16                                    **III.  DISCUSSION**

17              In his motion for summary judgment, plaintiff argues that the vocational expert's

18  testimony in this case is insufficient to establish that jobs which plaintiff can perform exist in

19  significant numbers in the national economy.  In this regard, the ALJ stated:

20          If the claimant had the residual functional capacity to perform the full
            range of sedentary work, a finding of "not disabled" would be directed by
21          Medical-Vocational Rule 201.28.  However, the claimant's ability to
            perform all or substantially all of the requirements of this level of work
22          has been impeded by additional limitations.  To determine the extent to
            which these limitations erode the unskilled sedentary occupational base,
23          the Administrative Law Judge asked the vocational expert whether jobs
            exist in the national economy for an individual with the claimant's age,
24          education, work experience, and residual functional capacity.  The
            vocational expert testified that given all of these factors the individual
25          could be able to perform the requirements of representative occupations
            such as: office helper. . ., 8,700 jobs in the state at the sedentary level,
26          hand packager. . .,1,500 jobs in the state at the sedentary level, and small

                                            3

1  parts assembler. . ., 17,000 jobs in the state at the sedentary level.

2  Pursuant to SSR 00-4p, the undersigned has determined that the vocational
   expert's testimony is not consistent with the information contained in the
3  Dictionary of Occupational Titles in that these jobs are listed at higher
   exertional levels in the Dictionary of Occupational Titles.  However, the
4  vocational expert testified that he had reduced the numbers of jobs in each
   category to account for the limitation to sedentary work, as well as the
5  other residual functional capacity factors.  His numbers were based on
   published vocational information.  The undersigned finds that this
6  explanation is reasonable.

7  Based on the testimony of the vocational expert, the undersigned
   concludes that, considering the claimant's age, education, work
8  experience, and residual functional capacity, the claimant is capable of
   making a successful adjustment to other work that exists in significant
9  numbers in the national economy. . . .

10 Plaintiff argues that the ALJ erred by relying on the vocational expert's testimony as to numbers

11 of jobs available because: (1) no national numbers were cited; and (2) no rationale for the

12 numbers calculated was described.  According to plaintiff, the vocational expert's testimony does

13 not constitute substantial evidence because it was "conjured out of whole cloth."

14      The transcript of the administrative hearing reflects the following exchange

15 between the ALJ and the vocational expert:

16      Q:      . . .Could he [plaintiff] do any of the past work?

17      A:      No.

18      Q:      And if you took a hypothetical individual of the claimant's
        age, education, and [INAUDIBLE] –
19
        A:      Well, I think there would be some.  You're looking at light,
20 unskilled, non-public [INAUDIBLE] – something like office helper;
        239.567-010, light, SVP 2.  There's about 30,000 of [INAUDIBLE].
21
        We've got mail clerk; 209.687-026, light, SVP 2.  In those
22 6,500, I erode by about 50 percent.  So it would be about 3,250.

23      * * *

24      Mail clerk; 3,250 of them.

25      Q:      Now, are you reverting for the cane?  Is that what you're
        doing?
26

1        A:     Yes.

2        Q:     What was that number again?

3        A:     3,250.

4        * * *

5        Hand packager; 920.587-018.  It lists – it's medium SVP 2, according to the DOT, but published information gives about 43,000 at the light level exertion.

7        I think they are within the hypothetical restrictions that you just gave me.

8        Q:     Okay.  And what if you were to further modify that hypothetical by stating that the individual could only stand or walk for up to two hours during an eight-hour work day, no more than 15 minutes at a time?

10       A:     It would be less than the full range of light or sedentary.

11    It's easier for me to go to sedentary on that one, Judge.

12       Q:     Okay.

13       A:     There might be small numbers of less than the full range of light –

14       Q:     Yeah, sedentary.

15       A:     Well, again, we would be looking at office helper.

16       Q:     Okay.

17       A:     That exists – 8,700 at the sedentary level, according to published information.

19       Hand packager, again, with just at the sedentary level, 3,500.

20       Some sort of a small parts assembly job – 706.684-022, sedentary, SVP 2.  About 17,000 in California.

22    Plaintiff's representative declined to ask the vocational expert any questions.

23       At the outset, the court rejects plaintiff's argument that the ALJ improperly relied

24    on the vocational expert's testimony because the expert only identified jobs which existed in

25    California as opposed to nationally.  Under 42 U.S.C. § 423(d)(2)(A), "'[W]ork which exists in

26    the national economy' means work which exists in significant numbers either in the region where

1   such individual lives or in several regions of the country." See also 20 C.F.R. §§ 404.1566(a),

2   416.966(a).  The ALJ may rely, as in this case, on expert testimony identifying numbers of jobs

3   which exist in the region where plaintiff lives, e.g., California.

4          Plaintiff also argues that the ALJ erred by relying on the vocational expert's

5   testimony as to numbers of jobs because no methodology was described explaining the expert's

6   testimony.  Under 20 C.F.R. §§ 404.1566(d), (e) and 416.966(d), (e), the ALJ may rely on

7   vocational expert testimony, which constitutes "reliable job information."  Plaintiff has not

8   identified any authority, and the court is aware of none, which requires the ALJ to inquire as to

9   the vocational expert's methodology.  The vocational expert is just that – an expert – and his

10  testimony is itself substantial evidence.  See Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th

11  Cir. 2005); see also SSR 00-4p.  Here, the vocational expert rendered an opinion, based on his

12  own expertise as well as "published information," and the ALJ was permitted to rely on the

13  testimony as substantial evidence.  To the extent plaintiff questions the vocational expert's

14  qualifications or the applicability to his case of the "published information," the time to raise

15  those concerns was at the administrative hearing, see Gutierrez v. Comm'r of Soc. Sec., 740 F.3d

16  519, 527 (9th Cir. 2014), yet plaintiff did not do so.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

      1.      Plaintiff's motion for summary judgment (Doc. 16) is denied;

      2.      Defendant's cross-motion for summary judgment (Doc. 20) is granted; and

      3.      The Clerk of the Court is directed to enter judgment and close this file.

DATED:  September 5, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE